J-A04006-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DELANEY JESSICA HERTZOG | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JONATHAN FRANCISCO | : | |
| | : | |
| Appellant | : | No. 1047 MDA 2025 |

Appeal from the Order Entered June 10, 2025
In the Court of Common Pleas of Lancaster County Domestic Relations at
No(s):  2023-00674,
PACSES 548302071

BEFORE:  PANELLA, P.J.E., KING, J., and LANE, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED: MARCH 20, 2026**

Jonathan Francisco ("Father") appeals *pro se* from the order entered on June 10, 2025, dismissing his appeal of the order dated April 14, 2025, requiring him to pay $841.68 in child support to Delaney Jessica Hertzog ("Mother"). After careful review, we affirm based on the well-reasoned opinion of the trial court.

The following factual and procedural history were obtained from the certified record. On April 21, 2023, Mother filed a complaint for child support. On August 30, 2023, the court entered an interim order requiring Father to pay $546.03 in child support, plus an additional $55.00 towards arrears, for a total monthly amount of $601.03. Father sought to appeal the interim award and a hearing was scheduled for November 7, 2023. On October 5, 2023, a petition for contempt was filed requesting a hearing on Father's failure to pay.

The court also scheduled the hearing on the contempt petition for November 7, 2023.

On November 7, 2023, the court held a *de novo* hearing on the interim award of child support and the contempt petition. Father failed to appear. A warrant was issued for his arrest and the court dismissed his appeal. On November 9, 2023, the interim order was ratified as a final order of child support. Father did not appeal this order.

After Father was arrested on the bench warrant the court held multiple hearings regarding the contempt petition over the next year. Father made sporadic payments throughout this year. Prior to a contempt hearing scheduled for February 24, 2025, which had been continued from an earlier date, Father filed a "Notice of Rescission of Contractual Obligation to Child Support." The court treated this as a petition to modify child support and scheduled a modification conference for April 9, 2025.

After the conference, the conference officer recommended Father pay $765.68 per month in child support and an additional $76.00 in arrears. The court agreed and entered an interim order requiring Father to pay $841.68 a month in child support on April 14, 2025. On May 5, 2025, Father filed a request for a hearing *de novo*. The court scheduled the hearing for June 10, 2025.

The trial court explained what happened at the hearing as follows:

When [Father] filed his appeal on May 5, 2025, seeking a *de novo* hearing, following a child support conference and resulting order dated April 14, 2025, he stated as follows:

> The Petitioner contests the recommendation for the following reasons:
>
> 1 Imputed income calculations that are inaccurate or unsupported;
>
> 2 Errors or omissions in material facts; and
>
> 3 Infringement of due process, including the inability to meaningfully challenge evidence.

[Father's] Request for Trial De Novo filed May 5, 2025. At the hearing, [Father] did not provide any testimony or offer any documents in support of items 1 and 2 above. More specifically, despite being given at least 4 opportunities to do so, [Father] refused to provide any information relative to the [alleged] calculation errors made at the support conference and which resulted in the April 14, 2025 order. ***See*** N.T. [Support Appeal Hearing], 6/10/25, at 4, 9, 10, 12 (for opportunities the court provided [Father]). [Father] insisted he could not proceed until jurisdiction questions were answered, thus (when asked a fourth time):[1]

> THE COURT: … Do you want to answer my questions about your earnings and what you're able to earn and are you working now and all of that or are you refusing to do that?
>
> [FATHER]: So once jurisdiction is questioned or asserted, it must be established. And I can't move forward from that because then that puts me back into a trap. So I can't answer any of your questions until we establish jurisdiction of the contractual binding agreement.

***Id.*** at 12:8-17. This exchange occurred after the court informed [Father] that:

> I find that the court does have jurisdiction … pursuant to the rules promulgated by the Pennsylvania

> Supreme Court. All the rules that we're following today are … the rules the Pennsylvania Supreme Court and/or statutes that have been duly enacted and passed by the legislature.
>
> *Id.* at 4-5. Though [Father] did raise this issue of jurisdiction at his hearing on June 10, 2025, that is, with respect to his third reason for appealing the support order of April 14, 2025, he did not proffer any documents or other evidence in support thereof. Therefore, the court reaffirmed the support order without modification.
>
> > [1] [Father] refused to answer the court's questions even after it clearly informed [Father] that he could both make jurisdictional and other procedural objections, preserve those issues, and still answer the court's questions. *See*[,] *e.g.*, N.T. [Support Appeal Hearing], 6/10/25, at 11:17-13:3. Even with that information, [Father] still refused to answer the court's questions. In this way, somewhat paradoxically perhaps, [Father] filed an appeal but refused to provide any information to support the very claims he raised in his appeal document vis-à-vis "imputed income calculations that are inaccurate or unsupported" and of "errors or omissions in material facts." [Father's] Request for Trial De Novo … filed May 5, 2025.

Trial Court Opinion, 8/27/25, at 2-3 (unnecessary capitalization and brackets omitted).

At the conclusion of the hearing, the trial court dismissed Father's appeal and ratified the current support order dated April 14, 2025. Father appealed and complied with the court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Father now raises six issues for our review:

1. Whether the trial court erred and abused its discretion by proceeding to adjudicate support and contempt without valid

service of original process or a Rule 1018.1 notice to defend, and without proof of Pa.R.C.P. 236 notice[?]

2. Whether the court violated due process when [Father's] first meaningful opportunity to be heard occurred after arrest for a rescheduled trial de novo of which [Father] had no notice[?]

3. Whether the court committed reversible error by threatening or imposing incarceration without findings of present ability to pay or alternatives, contrary to ***Turner v. Rogers***[, 564 U.S. 431 (2011)?]

4. Whether the court misapplied 23 Pa.C.S.[A.] § 4322 and Pa.R.C.P. 1910.16-1 et seq. by entering an order without competent evidence of income or expenses[?]

5. Whether the court erred by claiming subject-matter jurisdiction based solely on an alleged residence, after [Father] den[ied] residence, thereby compromising judicial neutrality[?]

6. Whether proceedings conducted by administrative personnel lacking oaths or authority under Title IV-D violated due process where [Father] never applied for or received any IV-D services[?]

Appellant's Brief, at 4-5 (unnecessary capitalization, emphasis, and suggested answers omitted).

Preliminarily, we must determine whether Father has preserved his claims for our review. Any issue not raised in a Rule 1925(b) statement is waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii). We recognize that Father is *pro se,* but he is still bound by our rules. ***See S.S. v. T.J.***, 212 A.3d 1026, 1032 (Pa. Super. 2019). We have previously stated:

[A]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Id.* (citation omitted).

Construing both the appellate brief and Rule 1925(b) statement liberally, Father has not preserved his fourth issue for our review. We therefore find it waived.

Turning to Father's remaining claims, we note that:

Our review of the trial court's order is limited to determining whether the trial court abused its discretion and whether there is insufficient evidence to support the order.

When evaluating a child support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*T.M.W. v. N.J.W.*, 227 A.3d 940, 944 (Pa. Super. 2020) (citations and brackets omitted).

After reviewing the certified record, Father's brief,[1] applicable law, and the Honorable Shawn P. McLaughlin's thorough and cogent 12-page opinion, we conclude Father's issues do not entitle him to any relief. The trial court provided Father multiple opportunities to address his income and earning

---

[1] Mother did not file an appellee's brief.

- 6 -

capacity and Father refused to cooperate. The trial court thoughtfully analyzed all of Father's issues:

- Father filed the petition to modify his support obligation and attended the hearing on the petition to modify thereby negating any need for him to be served with his own petition;

- Father appeared for the trial *de novo* and was given multiple opportunities to be heard on his allegation that the child support obligation was based on incorrect income calculations but refused to answer the court's questions;

- Father's arrest "has no bearing in the instant child support appeal claim," "is not a factor in the guideline calculation process," and this appeal "is not the proper forum" to air out his grievances concerning an alleged unlawful restraint;

- Father did not appeal a final order regarding contempt of court for failure to pay; he appealed the dismissal of his appeal after a trial *de novo*;

- The trial court had subject matter jurisdiction over Mother's claim for child support in 2023 and a court will retain such jurisdiction over modification requests;

- Title IV-D "has no application to the pending matter."

**See** Trial Court Opinion, 8/27/25, at 4-11.

As such, we affirm on the basis of the well-reasoned 12-page opinion of the Honorable Shawn P. McLaughlin dated August 27, 2025, which we have attached hereto for the convenience of the parties.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/20/2026